# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Antonin Rodregas Nicholson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-04632-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Letonya T. Simmons, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Antonin Rodregas Nicholson, a state pretrial detainee currently detained at the Greenville County Detention Center ("GCDC"), brought this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff makes allegations similar to those made by fellow GCDC detainees in recently filed actions, asserting primarily that his arrest was unconstitutional because Defendant—the state magistrate who issued the arrest warrant for Plaintiff—was located in the same building as law enforcement and, therefore, could not have been "neutral and detached." (ECF Nos. 1 at 4; 1-1 at 1).[1] Plaintiff seeks habeas relief for the still-pending charges as well as monetary damages consisting of $3 Million in compensatory damages and $1 Million in punitive damages – precisely the same relief sought in the other referenced actions. (ECF No. 1 at 6).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's detailed and thorough Report and

---

[1] Other actions based on this same theory and filed around the same time by GCDC detainees include: *Lafoy v. O'Brien*, No. 6:25-cv-10732-JDA; *Jackson v. O'Brien*, No. 6:25-cv-7813-JDA; *Lindsey v. Simmons*, No. 6:25-cv-7592-DCN; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590-JDA; *Robinson v. Keel*, No. 6:25-cv-6747-DCC-KFM; *Childers v. Bratcher*, No. 6:25-cv-6742-JD; *Morgan v. Kernell*, No. 6:25-cv-6735-DCC-KFM; *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094-JDA; *Wilson v. McElrath*, No. 6:25-cv-6092-JDA; *Lee v. Kernell*, 6:25-cv-06016-TMC; *White v. Foster*, No. 6:25-cv-4633-JDA.

Recommendation ("Report"), (ECF No. 10), concluding as follows: that Defendant is entitled to absolute immunity from Plaintiff's claims as they arise from her judicial actions, *id.* at 5–6; that, to the extent Plaintiff is challenging currently pending state criminal charges against him, the court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), *id.* at 6–7; and that Plaintiff's claims are subject to dismissal for failure to allege facts sufficient to establish a constitutional violation cognizable under § 1983, *id.* at 7–10.  The magistrate judge, therefore, recommended the court dismiss this action without issuance and service of process and without leave to amend. *Id*. at 10.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Plaintiff filed timely objections to the Report.  (ECF No. 12).  In his objections, Plaintiff largely repeats the general assertion in his complaint that an arrest warrant must be issued by a neutral and detached magistrate and restates his conclusory allegation that Defendant impermissibly acted as a rubber stamp in issuing various arrest warrants for Plaintiff.  *See id*.  Plaintiff, however, fails to address the dispositive portions of the Report or any of the rationales the magistrate judge gave for recommending dismissal of this action. In particular, Plaintiff fails to explain why his claims do not arise from Defendant's performance of her judicial duties or why Defendant is not otherwise entitled to immunity.  Therefore, inasmuch as the court agrees with the magistrate judge's analysis, findings and conclusions, the court overrules Plaintiff's objections.

Having conducted a ***de novo* review** of the Report and the record, the court agrees with and wholly **ADOPTS** the magistrate judge's analysis, findings and recommendations set forth in the Report (ECF No. 10), which is incorporated herein by reference. Accordingly, this action is hereby

**DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
September 26, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.